DAVID A. NELSON, Circuit Judge,
concurring in part and dissenting in part.
I agree that the district court erred in refusing to construe Ms. Quinn-Hunt’s complaint as stating a claim under § 1981. I am not persuaded, however, that the district court erred in finding that Ms. Quinn-Hunt’s misappropriation of upwards of 500 documents from her co-workers’ confidential personnel files barred any recovery of backpay.
It is true, as the opinion notes, that Bennett Enterprises did not know of the wholesale misappropriation of confidential personnel records when it made the decision to fire Ms. Quinn-Hunt. But in McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995), where the plaintiff had secretly copied several confidential documents bearing upon her employer’s financial condition, the company was likewise unaware of the misappropriation at the time of the presumptively unlawful discharge. And although the Supreme Court was not willing to adopt an “absolute rule” that would automatically bar “any recovery of backpay” where there has been a post-discharge discovery of a misappropriation that would itself have resulted in discharge if discovered while the plaintiff was still employed, the Court made it crystal clear that the plaintiff in such a situation is not necessarily entitled to backpay, even with respect to the period ending upon discovery of the misappropriation. On the contrary, the McKennon Court declared, “[i]n determining the appropriate order for relief, the court can consider taking into *209 further account extraordinary equitable circumstances.... ” Id. at 362 (emphasis supplied).
In the case at bar Ms. Quinn-Hunt engaged in a truly extraordinary misappropriation of confidential personnel records. On top of that, she seems to have had extraordinary difficulty in getting to work on time. Under these circumstances, the district court presumably thought it would be inequitable to award Quinn-Hunt any damages, even if the discharge was in fact based on improper motives.[1] I do not disagree with this assessment, and I would affirm the challenged judgment on that basis.

. The district court was not entitled to assume that any misappropriation of confidential records would automatically bar an award of backpay, but I know of no reason to suppose that the court made such an assumption. On remand, in any event, I believe that the court would be justified in finding explicitly that any improper discrimination was so outweighed by the employee’s misconduct that an award of backpay would be inequitable.